UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA,          )
                                   )
      Plaintiff,                   )
                                   )
        v.                       )          Case No. 1:11-cr-00065-TWP-TAB
                                   )
MICHAEL J. GRIFFIN,                )
                                   )
      Defendant.                   )

## ENTRY ON MOTION *IN LIMINE*

This matter is before the Court on a Motion *in Limine* filed by the United States of

America ("the Government").  The Defendant Michael Griffin ("Mr. Griffin"), is charged with

count one, making false statements to federal law enforcement officers, 18 U.S.C. §1001, and

count two, stealing government property, 18 U.S.C. § 641.  The Government requests the Court

allow certain witnesses to testify about statements made by Mr. Griffin's roommate, Nelsonya

Simmons ("Ms. Simmons").  A party may file a motion *in limine* for a ruling on the admissibility

of evidence.  The Court will only exclude evidence on a motion *in limine* if the evidence "'is

inadmissible on all potential grounds.'"  *Betts v. City of Chicago*, 784 F.Supp.2d 1020 (N.D. Ill.

2011) (quoting *CDX Liquidating Trust* ex rel. *CDX Liquidating Trustee v. Venrock Associates.*,

411 B.R. 591, 597 (N.D.Ill.2009)).  If the evidence does not satisfy this high standard, the

evidentiary ruling must "be deferred until trial so that questions of foundation, relevancy and

potential prejudice may be resolved in proper context."  *Hawthorne Partners v. AT&T*

*Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993).  If the Court denies the

Government's motion, it does not mean the evidence is absolutely excluded from the trial; rather:

> Denial merely means that without the context of trial, the court is unable to
> determine whether the evidence in question should be excluded.  The court will

entertain objections on individual proffers as they arise at trial, even though the
proffer falls within the scope of a denied motion *in limine*.

*Id.* at 1401 (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir.1989)).  The Court has

discretion to "adjust a motion *in limine* during the course of a trial."  *Farfaras v. Citizens Bank*

*and Trust of Chicago*, 433 F.3d 558 (7th Cir. 2006) (citing *Luce v. United States*, 469 U.S. 38,

41-42 (1984)).  *See Betts*, 784 F.Supp.2d at 1023 ("Accordingly, the parties may renew their

objections at trial as appropriate.").

For the reasons set forth below, the Government's Motion *in Limine* (Dkt. 57) is

**DENIED**.

## I.  BACKGROUND

As part of an investigation to determine whether Mr. Griffin made false statements to

obtain employment as a United States Naval Services Warfare Crane police officer, federal

agents interviewed Mr. Griffin and he denied that he still had possession of his Crane police

officer's badge and credentials.  During the investigation, Ms. Simmons, Mr. Griffin's roommate

and past romantic interest, was also interviewed regarding the whereabouts of the badge and

credentials.  Ms. Simmons told the agents that Mr. Griffin was in possession of the items, that he

kept them in either his bedroom or his car, and he used the items to work security in

Indianapolis, Indiana.  Based upon Ms. Simmons statements, the agents sought and received a

search warrant and located the badge and credentials in Mr. Griffin's residence.  Thereafter, Mr.

Griffin was indicted on the charges that he made false statements to law enforcement when he

denied having possession of the badge and credentials and that he converted to his own use

property belonging to the Government, in particular, the Department of Defense.

1.      **The Government's Argument**

The Government's Motion *in limine* asks the Court to allow federal agents to testify about the content of Ms. Simmons statements in order to explain context, specifically, "why they sought a search warrant for the residence of Mr. Griffin" ( Dkt. 57 at 2), and not to show that Mr. Griffin did, in fact, illegally possess the items.  "Offering testimony to establish background facts leading up to a sequence of events is an ostensibly non-hearsay use of evidence."  *United States v. Linwood*, 142 F.3d 418, 425 (7th Cir. 1998) (admitting into evidence statements made by the defendant's daughter to police officers that her mother kept drug money in a certain location because it provided the context that led up to the officer finding the money).  The Government argues the statements of Ms. Simmons, a non-party to this case, are offered only to show the mindset of the police agents and, as such, the statements are offered for a non-hearsay purpose and are admissible.  Fed. R. Evid. 801.  Further, the Government asserts that the statements are relevant and admissible because they tend to show *why* the agents sought a search warrant for Mr. Griffin's home.  In general, when the purpose of the admission is to show the effect the statement had on the listener, it is not offered for the truth of the matter asserted and is not hearsay.  *See United States v. Hanson*, 994 F.2d 403, 406 (7th Cir. 1993) ("An out of court statement that is offered to show its effect on the hearer's state of mind is not hearsay.").

2.      **Mr. Griffin's Response**

To the contrary, Mr. Griffin argues the Government's motion should be denied, and the statements excluded, because the prejudicial effect of the statements outweighs their "extremely low" probative value.  U.S. Const. amend VI; Fed. R. Evid. 403.  Additionally Mr. Griffin asserts the Confrontation Clause bars testimonial evidence when the declarant is available to testify.  The Sixth Amendment bars the admission of testimonial hearsay evidence for an

available declarant and Mr. Griffin correctly argues that Ms. Simmons' statement is testimonial because she made the statement to the federal agents during the course of their investigation (*see Washington v. Davis*, 547 U.S. 813, 822 (2006)).  He also argues the Court should exclude the statements because "background evidence about ancillary matters has only marginal relevance, [thus] it is more susceptible to exclusion under Rule 403's balancing of prejudice and probative value." *United States v. Boros*, 668 F.3d 901, 908 (7th Cir. 2012); Dkt. 62 at 3.  Under Fed. R. Evid. 403, the Court has discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  And, because most evidence is prejudicial to an extent, the Court will look to see whether the statements made by the informant are "*unfairly* prejudicial" to warrant their exclusion.  *Boros*, 668 F.3d at 909.

## II.   DISCUSSION

Although the Government argues it is not offering the statements to prove the truth of the matter and, therefore, the statements should be considered non-hearsay, the Court agrees with Mr. Griffin that the reason why agents sought a search warrant has an "extremely low" probative value.  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Importantly, Mr. Griffin is not contesting the validity of the search warrant; therefore, there is minimal if any relevance of statements to prove that the officers had a basis for obtaining the search warrant for his residence.  Further, unlike in *Boros*, where the court admitted certain background information because it was not related to any element of the crime charged, in this case, the statements, even if offered for purposes other than the truth of the matter asserted, directly implicate the offenses charged against Mr. Griffin.  *Boros*, 668 F.3d at

909-10.  Even with a limiting instruction, it would be highly prejudicial to admit these statements

merely to provide the context of the officers' investigation and then expect that the jury would

not consider the evidence for other purposes.  *See United States v. Medina*, 755 F.2d 1269, 1274

(7th Cir. 1985).  The Court also finds that the Government's purpose can be accomplished in a

less prejudicial way.

### III.  CONCLUSION

The Government's Motion *in Limine* to allow agents to testify about the statements made

by Ms. Simmons (Dkt. 57) is **DENIED.**


SO ORDERED.


Date: _____10/31/2012_____          _____
                                          Hon. Tanya Walton Pratt, Judge
                                          United States District Court
                                          Southern District of Indiana

DISTRIBUTION:

Gwendolyn M. Beitz
INDIANA FEDERAL COMMUNITY DEFENDERS
gwendolyn_beitz@fd.org

Bradley P. Shepard
UNITED STATES ATTORNEYS' OFFICE
brad.shepard@usdoj.gov